FRANK, Judge.
James McLain seeks reversal of his convictions and sentences. We affirm the convictions without comment, but we remand one sentence to correct an improper habitual offender designation.
The jury found McLain guilty of attempted sexual battery upon a child less than 12, a first degree felony, sexual battery upon a child less than 12, a capital felony, and lewd and lascivious conduct, a felony of the second degree. At the penalty phase, the trial court imposed consecutive sentences. For the attempted sexual battery, McLain received life in prison; for the capital sexual battery, he received life with a twenty-five year minimum mandatory term; and for the offense of lewd and lascivious conduct, he received a thirty year prison term, McLain was declared a habitual felon and each three written sentences reflected that determination.
McLain correctly states that the highest degree of felony contemplated by the habitual offender statute is a first degree felony punishable by life. See § 775.-084(4), Fla.Stat. (1989). A defendant convicted of a capital felony shall be confined to life imprisonment with a minimum mandatory term of twenty five years. See § 775.082(1), Fla.Stat. (1989). Capital felonies are not subject to the enhancement provisions of section 775.084. See Burdick v. State, 594 So.2d 267 (Fla.1992); Mishoe v. State, 601 So.2d 1284 (Fla. 5th DCA 1992). Because McLain could not be habit-ualized for the capital sexual battery, the written sentence adjudging him a habitual offender is erroneous.
Accordingly, we remand this matter with directions to strike from the sentence for the capital felony the notation designating McLain a habitual offender.
CAMPBELL, A.C.J., and BLUE, J., concur.