693 So.2d 715 (1997)
Terry SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1855.
District Court of Appeal of Florida, Fourth District.
May 21, 1997.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sharon A. Wood, Assistant Attorney General, West Palm Beach, for appellee.
*716 POLEN, Judge.
Terry Scott appeals the judgment entered against him after a jury found him guilty of possession of cocaine and resisting an officer without violence. We affirm the denial of his motion for judgment of acquittal as to both charges, and write only to address the propriety of the denial as to the resisting without violence count.
Scott was charged in a three count information with: I) possession of cocaine; II) resisting an officer without violence; and III) trespass. Evidence adduced at trial revealed Scott was warned about trespassing at a certain apartment complex property by a North Broward Drug Enforcement Unit detective on at least two occasions prior to his arrest on January 11, 1995. On that date, the detective who previously warned Scott, and who knew Scott did not live on the property, noticed him standing on the apartment complex property at the bottom of a stairway leading up to Sharon Drayton's apartment. As the detective's vehicle approached, Scott took off running up the stairs. The detective said "Terry stop," and Scott looked over the railing at the detective and said, "Bye." The detective heard Drayton's apartment door open and close. Scott eventually emerged from a bedroom of Drayton's apartment. A subsequent search of the bedroom yielded a bag containing twelve rocks of crack cocaine.
Drayton told the arresting officers Scott was the father of her three children. At one time he lived in the apartment; however, Scott no longer had permission to enter Drayton's apartment. Drayton said whenever Scott was caught on the property he would tell the police he was visiting his children. Drayton was unaware Scott was on the property on January 11, 1995, prior to his arrest. Drayton testified in Scott's defense at trial, and contradicted her earlier statements to the police. She testified Scott had permission to enter her apartment on January 11.
When a defendant moves for a judgment of acquittal, he admits all facts adduced in evidence and every conclusion favorable to the state that a jury might reasonably and fairly infer from the evidence. Burke v. State, 672 So.2d 829 (Fla. 1st DCA 1995). The trial court should not grant a motion for judgment of acquittal unless there is no view of the evidence which the jury might take favorable to the state that can be sustained under the law. Rogers v. State, 660 So.2d 237 (Fla.1995) (citing Taylor v. State, 583 So.2d 323 (Fla.1991)). The test to be applied on review of the denial of a motion for judgment of acquittal is whether the jury might reasonably conclude the evidence fails to exclude every reasonable hypothesis of innocence. Green v. State, 408 So.2d 1086 (Fla. 4th DCA 1982).
Scott argues his motion for judgment of acquittal should have been granted because the state failed to present evidence establishing probable cause to arrest him for trespassing. He argues the jury could not find the detective who ordered him to stop was in the lawful execution of any legal duty, as required. Jones v. State, 640 So.2d 204, 205 (Fla. 4th DCA 1994). Scott argues he "clearly had permission from a lawful tenant of the property, Sharon Drayton, to enter her apartment."
Our review of the record reveals the issue of whether Scott had permission to enter the property is not as clear as Scott would suggest. In light of the evidence of Drayton's statement to the arresting officers, the jury could not reasonably conclude the evidence failed to exclude every reasonable hypothesis of innocence. Therefore Scott's motion for judgment of acquittal was properly denied as to the resisting arrest charge.
AFFIRMED.
STONE and WARNER, JJ., concur.