700 So.2d 166 (1997)
Richard BILES, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2153.
District Court of Appeal of Florida, Fourth District.
October 15, 1997.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
DELL, Judge.
Richard Biles appeals his conviction of three counts of sexual battery upon one child, one count of sexual battery and one count of lewd, lascivious, or indecent assault upon another child, and one count of committing a lewd act in the presence of either or both of the children. He contends that the trial court erred when it denied his request for a jury instruction on battery as a lesser included offense of count five, lewd, lascivious, or indecent assault upon a child. He also contends that the trial court erred when it sentenced him as an habitual felony offender in counts one through four, sexual battery upon a child. We reverse and remand for a new trial on count five of the information, and we vacate the habitual offender status from counts one through four and remand for resentencing.
In count five, the State charged appellant with lewd, lascivious, or indecent assault upon a child, in that he "did handle, fondle, *167 or make assault upon [the victim], ... to-wit: did touch the breast of [the victim] with his hand." The child testified that appellant touched her breast. When appellant's counsel requested a jury instruction on battery as a lesser included offense, the court stated, "The issue of battery means consent. There is no issue of consent of indecent act. I'm not going to give it.... Well, battery is not a lesser, obviously, because there was no touching."
The elements of battery are actually and intentionally touching or striking another person against the will of that person. Fla. Stat. § 784.03 (1991). The Florida Standard Jury Instructions provide that battery is a category 2 lesser included offense to lewd, lascivious, or indecent assault or act upon or in the presence of a child. Fla. Std. Jury Instr.,(Crim.) at 291 (July 1995). "An instruction on a permissive lesser included offense must be given `when the pleadings and the evidence demonstrate that the lesser offense is included in the offense charged.'" Amado v. State, 585 So.2d 282 (Fla.1991)(quoting Wilcott v. State, 509 So.2d 261, 262 (Fla. 1987)). Therefore, the trial court should have instructed the jury on battery because the facts alleged in the information and the evidence presented satisfy the elements of that lesser included offense.
The State concedes that the trial court erred when it sentenced appellant as an habitual offender in counts one through four for capital sexual battery upon a child. We agree and vacate his sentence as an habitual offender. See McLain v. State, 612 So.2d 664 (Fla. 2d DCA 1993).
Accordingly, we affirm appellant's convictions on counts one through four and count six as charged in the information. We reverse appellant's conviction on count five and remand for a new trial on this charge. As to counts one through four, we reverse the sentences imposed and remand with instructions to delete the habitual offender status. On remand, the trial court may, however, again impose life sentences on appellant for counts one through four and such mandatory minimum sentences as may be appropriate.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
FARMER and SHAHOOD, JJ., concur.