**Bernadette SCELTA, Plaintiff,**

v.

**DELICATESSEN SUPPORT SERVICES, INC., Boar's Head Provisions Co., Inc., and Robert S. Martin, Defendants.**

No. 98–2578–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 7, 1999.

David P. Montgomery, David P. Montgomery, Chartered, Bradenton, FL, for plaintiff.

William G. Salim, Jr., Moskowitz, Mandell, Salim & Simowitz, P.A., Ft. Lauderdale, FL, Jacqueline G. Veit, Martin S. Hyman, Golenbock, Eiseman, Assor & Bell, New York City, for defendants.

### *ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendant, Robert S. Martin's, Motion for Summary Judgment, (Dkt.49), filed on July 26, 1999, Plaintiff, Bernadette Scelta's, response thereto, (Dkt.52), filed on August 16, 1999, and Defendant, Robert S. Martin's, Supplemental Motion for Summary Judgment, (Dkt.58), filed on September 24, 1999.

### *Background*

Plaintiff originally brought this action against Defendants in the Circuit Court, in and for Sarasota County, Florida, on December 16, 1998. (Dkt.2). Defendants filed a Notice of Removal, on December 16, 1998, based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331. This case was subsequently removed to the United States District Court for the Middle District of Florida. (Dkt.1).

Plaintiff's Complaint alleges that Delicatessen is a subsidiary of Boar's Head, or that it is controlled by Boar's Head, has interlocking ownership and control, and has engaged in a common enterprise with Boar's Head. The common enterprise between Delicatessen and Boar's Head acts as a wholesale food distributor and it, as well as each component of the common enterprise, employs over twenty-five (25) persons.

Plaintiff states that she was an employee of The Frank Brunckhorst Company, Boar's Head, and Delicatessen. While Plaintiff was an employee of The Frank Brunckhorst Company, Plaintiff was assigned to establish a principal place of operation for Boar's Head and Delicatessen in Sarasota County, Florida. Defendant Egan served as Plaintiff's supervisor and as an agent of Boar's Head and Delicatessen. Defendant Martin was also an agent of Boar's Head and Delicatessen and had the duty of supervising the employment decisions of Defendant Egan. Plaintiff states that she performed her duties, while employed with Boar's Head and Delicatessen, in an exemplary manner and never received a written or oral reprimand.

While residing in Sarasota County, Florida, Plaintiff and Defendant Egan, her immediate supervisor, had a short affair, which included sexual relations. Plaintiff states that Defendant Egan was married

and did not want his wife or his coworkers to gain knowledge of the affair.

Plaintiff alleges that during her employment with Boar's Head and Delicatessen, Plaintiff's superiors engaged in sexual harassment of Plaintiff and other female employees, and created a sexually hostile work environment.

Counts I and II of Plaintiff's Complaint are claims for sexual discrimination against Boar's Head and Delicatessen. Count I alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e [hereinafter "Title VII"]. Count II alleges a violation of the Florida Civil Rights Act of 1992, which is contained in Chapter 760 of the Florida Statutes [hereinafter "FCRA"]. Counts I and II assert that the actions and inactions of Boar's Head and Delicatessen constituted sexual harassment and a sexually hostile work environment.

Count III of Plaintiff's Complaint asserts a claim for intentional infliction of emotional distress. In connection with this claim, Plaintiff asserts that Defendant Martin acted in an intentional, wanton, and reckless manner when engaging in the alleged sexual conduct toward Plaintiff. Plaintiff states that Defendant Martin knew, or should have known, that his conduct toward Plaintiff caused Plaintiff emotional distress, anger, embarrassment, stress, and the loss of her business reputation. Count III also alleges that Defendant Martin acted in an outrageous manner that was beyond all decency. As a direct and proximate result of Defendant Martin's alleged conduct, Plaintiff claims to have suffered severe emotional distress, as well as the loss of her employment, and the loss of her business reputation. Plaintiff's resignation was the alleged direct and proximate result of Defendant Martin's actions.

Count IV(A) of Plaintiff's Complaint is a claim for battery against Defendant Martin. Plaintiff states that Defendant Martin touched Plaintiff without express or implied consent. As a result of the battery, Plaintiff alleges she suffered great mental suffering, was forced to terminate her employment, suffered loss of opportunity for advancement, and suffered loss of her personal and professional reputation.

Count IV(B) of Plaintiff's Complaint is a claim for intentional interference with an advantageous business relationship against Defendant Egan. As Plaintiff's immediate and direct supervisor, Plaintiff alleges that Defendant Egan subjected Plaintiff to a sexually hostile environment and denied her all opportunities for continued success and advancement. Plaintiff states that, as a direct and proximate result of Defendant Egan's actions, Plaintiff was forced to resign from her employment with Delicatessen, has suffered loss of employment, loss of opportunity for advancement, and loss of her professional and public reputation.

Count V of Plaintiff's Complaint alleges negligent supervision and negligent retention of Defendant Egan. Plaintiff claims that Boar's Head and Delicatessen had a duty to supervise the employment decisions of Defendant Egan and others in supervisory positions. Plaintiff claims that Boar's Head and Delicatessen failed to take reasonable steps to discover the decisions and actions of Defendant Egan and failed to take remedial actions for the decisions and actions performed by Defendant Egan, while in the scope of his employment. Plaintiff states that the actions performed by Defendant Egan were willful, wanton, and caused foreseeable injury to Plaintiff. As a result of Boar's Head's and Delicatessen's actions, in allowing the alleged sexual harassment to continue, Plaintiff states that she was forced to resign, has suffered loss of employment, loss of opportunity for advancement, and loss of her public and private reputation.

Count VI of Plaintiff's Complaint alleges negligent supervision and negligent retention of Defendant Martin. In connection with Count VI, Plaintiff asserts that Defendant Martin subjected Plaintiff to verbal assaults, physical assaults, and a hostile work environment, denied her all opportunities for continued success and

advancement, and demeaned her in front of fellow employees, supervisors, and customers, while acting within the scope of his employment. As a result of Defendant Martin's willful and wanton sex-based discrimination, Plaintiff states that Boar's Head and Delicatessen allowed the sexual harassment to continue, caused Plaintiff to suffer loss of employment, loss of opportunity for advancement, and loss of her professional and public reputation.

Plaintiff states that she has complied with all jurisdictional prerequisites for filing a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the FCRA, Chapter 760, Florida Statutes. Specifically Plaintiff states that on or about July 6, 1998, Plaintiff filed a charge of discrimination against her "employer," Boar's Head, Delicatessen, Defendant Egan, and Defendant Martin, with the EEOC and the Florida Commission of Human Relations. On or about July 13, 1998, the Florida Commission on Human Relations transferred Plaintiff's charge of discrimination to the EEOC, pursuant to Florida's status as a deferral state and the federal and state work share agreement. The EEOC notified Plaintiff, after conducting its own investigation, on or about August 27, 1998, that Plaintiff had a right to sue within ninety (90) days of her receipt of the notification. Plaintiff filed this suit within the ninety (90) days allotted by the EEOC notice.

As to all Counts, Plaintiff demands judgment against Defendants for compensatory and punitive damages, as well as costs and attorneys' fees.

On June 3, 1999, this Court granted in part Defendants' Motions to Dismiss, (Dkts.15, 18, 22, 24), which dismissed Counts III, IV(B), V, and VI of Plaintiff's Complaint. In response to the Court's Order on Defendants' Motion to Dismiss, Defendants, Delicatessen, Boar's Head, and Martin, filed a Renewed Motion to Dismiss, (Dkt.54), which was subsequently denied by this Court. On July 26, 1999, Defendant Martin filed a Motion for Summary Judgment requesting that this Court enter judgment for Defendant Martin on Count IV(A) of Plaintiff's Complaint.

## Standard of Review

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue of material fact' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of genuine issues of material fact. *See id.* That burden can be discharged by "showing ... that there is an absence of evidence to support the non-moving party's case." *See id.* at 323, 325, 106 S.Ct. 2548.

Issues of fact are " 'genuine' only if a reasonable jury considering the evidence presented could find for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are those which will affect the outcome of the

trial under governing law. *See id.* at 248, 106 S.Ct. 2505. In determining whether a material fact exists, the court must consider all the evidence in a light most favorable to the non-moving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655, 656 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *See Hayden v. First Nat'l Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir. 1979) (quoting *Gross v. Southern Railway Co.,* 414 F.2d 292, 297 (5th Cir.1969)).

Although factual disputes preclude summary judgment, the "mere possibility that factual disputes may exist, without more, is not sufficient to overcome a convincing presentation by the party seeking summary judgment." *See Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980). When a party's response consists of "nothing more than a repetition of his conclusional allegations," summary judgment is not only proper but required. *Morris v. Ross,* 663 F.2d 1032, 1034 (11th Cir.1981).

### Discussion

Defendant Martin's Motion for Summary Judgment, which is based on two separate arguments, states that Count IV(A) of Plaintiff's Complaint should be dismissed. Defendant Martin states that summary judgment is warranted because: (1) "Plaintiff's testimony at a hearing against Delicatessen Support Services Inc. is necessarily inconsistent with [Plaintiff's] Complaint;" and (2) "[A] letter from Plaintiff to Defendant Robert Martin is necessarily inconsistent with [Plaintiff's] Complaint." (Dkt.48). Defendant Martin states that Plaintiff's Complaint alleges that Defendant Martin committed battery against Plaintiff by "attempting to put his hand down [her] dress" and asserts that "attempting" to touch a person does not give rise to a claim of battery.

In addition to the arguments submitted by Defendant Martin, within his Motion for Summary Judgment, Defendant Martin submitted his own affidavit and an affidavit of Martin S. Hyman. (Dkt.50). In Defendant Martin's affidavit, Defendant Martin states that Plaintiff's claim of battery against him is "patently false." Defendant Martin attests, in his affidavit, to receiving a letter from Plaintiff shortly after Plaintiff resigned from her employment with Defendants. Defendant attached a certified copy of the letter allegedly received by him and his response to the affidavit. The letter allegedly received by Defendant Martin and included in Defendant Martin's affidavit thanks Defendant Martin, as well as "all the people with whom [Plaintiff has] had the pleasure of working the last four years." In this letter, Plaintiff also states:

> You are probably aware that these two years have contained some of the "best of times and the worst of times" for me personally, but they have never been boring. And since I believe that one should "never underestimate the value of eccentricity"; Boar's Head and my association with it, will always be thought of fondly.
>
> Thank you again (and this time it is given specifically to you, Bob). I know I haven't been easy, but I have had the best interest of your Company at heart. I hope in some small measure this has shown.

(Dkt. 50, exhibit A). In addition to the letter allegedly received by Defendant Martin, Defendant Martin submits his alleged response. In that response, Defendant Martin states:

> Bernie, needless to say, I hope, I was unhappy to hear about you leaving us, both personally and professionally.
>
> I can't say that I fully understand why you made the decision you made, but I want you to know that I will always appreciate the effort and sacrifices you made to help get us started in Sarasota. I want you to know that if I can help you in the future with references, I'd be happy to.

(Dkt. 50, exhibit B).

The affidavit of Martin S. Hyman, as included within Defendant Martin's motion

for Summary Judgment, includes four (4) exhibits. The first exhibit consists of Plaintiff's application for services that was submitted to the Florida Department of Labor and Employment. (Dkt. 51, exhibit A). This application states, in pertinent part, that:

> I quit my job because: In the last two year[s], I have worked 12 [hour] days and weekends, initially to start up the [Florida] office [and] then to start up the SIS [Department]. I had been assured by the [Director] Of [National] Sales that I would receive a promotion and substantial increase [and] bonus for my efforts. When it didn't materialize, I told the [Director] I was looking for other work.

(Dkt. 51, exhibit A).

Mr. Hyman's affidavit also contained an official reproduction of the Florida Department of Labor and Employment's determination that Plaintiff was not entitled to benefits, a Supplement to Plaintiff's Application for Services, and an excerpt of a transcript from a hearing held in front of Mr. Darin L. Haller, an appeals referee for the Florida Department of Labor and Security. (Dkt. 51, exhibits B, C, D). The official reproduction of the Florida Department of Labor's determination that Plaintiff was not entitled to benefits states that Plaintiff is not entitled to benefits because Plaintiff was the party that severed the employer/employee relationship. (Dkt. 51, exhibit B). The Supplement to Plaintiff's application for services acknowledges that Plaintiff was having an affair with Defendant Egan and that as a result of this affair it became apparent to Plaintiff that she would no longer have a "normal employee" relationship with the company. (Dkt. 51, exhibit C). Exhibit D of Mr. Hyman's affidavit contains an excerpt of a hearing before Mr. Haller. While the transcript contained within exhibit D does contain statements made by Plaintiff regarding allegations of sexual harassment, Defendant Martin points out that it does not contain any statements regarding the alleged battery committed by Defendant Martin.

In addition to the motion previously discussed, the Court notes that Defendant Martin has submitted a Supplemental Motion for Summary Judgment, (Dkt.58), filed on September 24, 1999. The Court is compelled to remind Defendant Martin that filing a Supplemental Motion for Summary Judgment is not proper without leave of Court. Defendant Martin was never granted permission by this Court to file a Supplemental Motion for Summary Judgment, and therefore the filing of such a motion was completely improper. However, in the interest of finality, this Court will address the issues presented by Defendant Martin's Supplemental Motion for Summary Judgment. The Court notes, as will be discussed later, that Defendant Martin's Supplemental Motion for Summary Judgment has done nothing to persuade this Court that summary judgment is proper.

In Defendant Martin's Supplemental Motion for Summary Judgment, Defendant Martin submits another affidavit titled Affidavit of Martin S. Hyman. (Dkt.60). Mr. Hyman's affidavit contains three separate exhibits: (1) transcripts of portions of Plaintiff's depositions; (2) a copy of Defendant Martin's First Set of Interrogatories to Plaintiff, a copy of Delicatessen's First Set of Interrogatories to Plaintiff, and Plaintiff's answers thereto; and (3) an affidavit of Defendant Martin.

Exhibit A, contained within Mr. Hyman's affidavit, states, in pertinent part, that although Defendant Martin touched Plaintiff with his fingers, Plaintiff suffered no direct physical injury as a result of this alleged touching. (Dkt. 58, exhibit A). While exhibit A states that Plaintiff suffered no direct physical injuries from the alleged battery committed by Defendant Martin, it does contain statements made by Plaintiff establishing that Plaintiff suffered great emotional distress as a result of the alleged touching performed by Defendant Martin.

Exhibit B of Mr. Hyman's affidavit reveals portions of Defendant Martin's and

Delicatessen's interrogatories to Plaintiff and Plaintiff's alleged answers to those interrogatories. The interrogatories and answers emphasized within exhibit B state that Plaintiff did not seek medical attention as a result of the alleged touching performed by Defendant Martin.

Exhibit C of Mr. Hyman's affidavit contains, a copy of Defendant Martin's affidavit. The Court notes that this is an exact copy of Defendant Martin's affidavit submitted within Defendant Martin's original Motion for Summary Judgment. As Defendant Martin's affidavit does not differ from the previously submitted affidavit, this Court will not address this exhibit within Mr. Hyman's affidavit.

Before the Court begins to analyze Defendant Martin's Motion and Supplemental Motion for Summary Judgment, the Court must acknowledge that discovery in this case is not complete. As discovery in this case is not complete, the Court must point out to Defendant Martin that a motion for summary judgment may be premature. However, in the interest of justice and conserving judicial and litigant economy, the Court feels compelled to address the issues presented by Defendant Martin in his various motions for summary judgment.

As this Court has previously stated, summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of establishing the basis for its motion and identifying the portions of the record that demonstrate the absence of genuine issue of material fact. *See Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548. Issues of fact are only genuine if "a reasonable jury considering the evidence presented could find for the non-moving party." *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

After considering the arguments presented by Defendant Martin, this Court finds that Defendant Martin's Motion for Summary Judgment and Supplemental Motion for Summary Judgment must be denied. Defendant Martin has failed to assert any allegations which satisfy the standard that this Court must follow when reviewing a motion for summary judgment. Defendant has failed to submit anything to this Court that establishes the absence of a genuine issue of material fact.

Defendant Martin asserts that summary judgment is warranted because Plaintiff has admitted within portions of documents that Defendant Martin merely "attempted" to touch Plaintiff. However, Defendant Martin fails to recognize that Plaintiff has also stated within various documents that Defendant Martin touched Plaintiff with his fingers while attempting to put his hand down her dress. This Court reminds Defendant Martin, as it previously did in the Court's June 3, 1999, Order, that under Florida law, the elements of battery are "actually and intentionally touching or striking another person against the will of that person." Fla.Stat. § 784.03 (1991). *See Biles v. State*, 700 So.2d 166, 167 (4th DCA 1997); *Hamrick v. State*, 648 So.2d 274, 276 (4th DCA 1995). Plaintiff has stated that Defendant Martin committed battery by "touching" Plaintiff without her express or implied consent. The fact that Plaintiff has stated that Defendant Martin "attempted" to touch her, as Defendant Martin points out, does not show to this Court that no genuine issues of material fact exist. The fact that the record establishes inconsistencies, as Defendant Martin has alleged, is exactly what prevents summary judgment from being granted. Summary judgment is only proper when no genuine issues of material fact exist. Defendant Martin has not met this burden.

In addition to the allegation that summary judgment is warranted because Plaintiff has only alleged that Defendant Martin "attempted" to touch Plaintiff, Defendant Martin alleges that various written statements also support summary judgment. Defendant Martin has submitted

several affidavits and exhibits for this Court to consider; however, after considering those affidavits and exhibits, the Court finds that summary judgment is not warranted.

Defendant Martin has submitted, in pertinent part, a copy of a letter allegedly sent to Defendant Martin, Defendant Martin's response to that letter, copies of various documents submitted to the Florida Department of Labor, and various copies of depositions. Defendant Martin alleges that throughout these exhibits and affidavits Plaintiff has failed to state that Defendant Martin committed a battery against Plaintiff. Defendant Martin seeks to establish that because Plaintiff failed to allege in portions of the various documents that Defendant Martin committed a battery against Plaintiff, that summary judgment is warranted. However, the Court has thoroughly examined the record of this case, which includes all of the documents submitted by Defendant Martin in support of summary judgment, and finds that Defendant Martin has not satisfied his burden for establishing that summary judgment is warranted.

If this Court were to grant summary judgment in Defendant Martin's favor, this Court would have to completely disregard binding precedent. *See Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548 (interpreting Federal Rule of Civil Procedure 56(c)); *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505 (holding that issues of fact are genuine if a reasonable jury considering the evidence presented could find for the non-moving party); *Sweat,* 708 F.2d at 656 (holding that the court must consider all of the evidence in the light most favorable to the non-moving party when addressing a motion for summary judgment); *Quinn,* 613 F.2d at 445 (holding that the mere possibility that factual disputes may exist is not sufficient to satisfy the summary judgment burden). This Court will not ignore binding precedent, and therefore will not grant Defendant Martin's Motion or Supplemental Motion for Summary Judgment. It is not enough for Defendant Martin to allege that Plaintiff failed to state within portions of documents that Defendant Martin committed a battery against her. This Court finds that Defendant Martin has not established that no genuine issues of material fact exist, and therefore the Court must deny Defendant's Motion and Supplemental Motion for Summary Judgment.

The Court notes that the seemingly inconsistent statements made by Plaintiff, and pointed out by Defendant Martin, are just the type of statements that create a genuine issue of material fact. Therefore, after completely considering the pleadings, depositions, answers to interrogatories, and admissions on file, this Court finds that Defendant Martin's Motion for Summary Judgment and Defendant Martin's Supplemental Motion for Summary Judgment must be denied. Accordingly, it is

**ORDERED** that Defendant, Robert S. Martin's, Motion for Summary Judgment, (Dkt.49), be **DENIED;** and Defendant, Robert S. Martin's, Supplemental Motion for Summary Judgment, (Dkt.58), be **DENIED.**

**DONE and ORDERED.**