749 So.2d 551 (2000)
Ryan SZUBA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D97-5183.
District Court of Appeal of Florida, Second District.
January 14, 2000.
*552 Michael V. Giordano, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Ryan Szuba appeals his conviction for one count aggravated battery and two counts of criminal mischief. We reverse because the trial court permitted a law enforcement officer to testify, over objection, to hearsay. Because the eyewitnesses gave contradictory descriptions of the perpetrator of this crime at trial, it was harmful error to allow the State to buttress its case through the use of this inadmissible testimony.[1]
On March 2, 1996, two teenagers hosted a "keg" party for their high school friends, apparently while their parents were away from home. Between fifty to seventy people attended the party. At some point during the party, a large brawl erupted, with people yelling, fighting, and throwing bottles. To escape the affray, a group of the teenagers headed to their cars. Because so many people were trying to leave at the same time, the teenagers ended up stopped in a line of cars headed out of the neighborhood. In the midst of bottles being thrown, one of the party-goers approached the line of cars wielding an aluminum bat. He smashed the windshield of one of the cars with the bat. He then continued down the line of cars. Ryan McGregor was a passenger in a car farther down the line. His head was leaning out the passenger window of the car. The assailant swung the bat at the car. The bat ricocheted off the car and hit Mr. McGregor in the head, causing a skull fracture and brain hemorrhage.
The witnesses to the crime gave varying descriptions of the perpetrator. Some witnesses, including the victims, were unable to identify him. Other witnesses disagreed as to the assailant's hair color, hair style, whether he had a goatee, and the description of his clothing. However, one of the hosts of the party, Kenneth Gibson, testified that on the night of the incident, Mr. Szuba came up to him, introduced himself as Ryan Szuba, and spontaneously admitted hitting someone over the head with a bat. On cross-examination though, Mr. Gibson acknowledged that he had not disclosed this information to the officer who investigated the crime the night of the party. At that time, he told the officer he did not know who had committed the crime. The defense also presented evidence that immediately following the party, Mr. Gibson contacted another teen, Steven Ware, in an attempt to determine who committed the crime because the police were pressuring Mr. Gibson.
After Mr. Gibson testified, the State called Detective James Beining to the stand. Detective Beining investigated the crime approximately two weeks after it occurred. Over objection, Detective Beining was permitted to testify to certain hearsay statements. First, he was permitted to testify that during his investigation, all of the witnesses to the crime gave him consistent descriptions of the defendant. This was in contrast to the descriptions given by witnesses at trial, which contained significant discrepancies. Second, Detective Beining testified that Mr. Gibson told him about the alleged confession of Mr. Szuba when he investigated the incident two weeks after the crime occurred.
*553 The rules of evidence would not have allowed Detective Beining to testify about the content of the statements each witness gave him describing the perpetrator. See § 90.604, .801(1)(c), .802, Fla. Stat. (1997). To avoid this evidentiary rule, the State sought to introduce the sum of that evidence by asking Detective Beining to make conclusions based upon his comparison of their hearsay statements. However, his opinion as to the consistency of the witnesses' descriptions was inadmissible pursuant to section 90.701(1), Florida Statutes (1997). The jury could draw their own conclusions by properly admitting the evidence upon which the conclusion was based. In addition, this opinion amounted to an improper bolstering of the State's witnesses. See Weatherford v. State, 561 So.2d 629 (Fla. 1st DCA 1990) (holding witnesses' testimony offered to vouch for credibility of another is inadmissible).
The State argues that Detective Beining's testimony as to the alleged confession of Mr. Szuba to Mr. Gibson is not hearsay because it is a prior consistent statement, and thus admissible under section 90.801(2)(b), Florida Statutes (1997). Mr. Gibson's statement does meet the criteria for admissibility under the statute because it is a prior statement made by Mr. Gibson consistent with his testimony at trial; Mr. Gibson testified at trial and was subject to cross-examination; and the defense's cross-examination of Mr. Gibson gave rise to a charge of improper influence, motive, or recent fabrication. However, a prior consistent statement remains inadmissible if it is made after the existence of a reason to falsify arises. See Quiles v. State, 523 So.2d 1261 (Fla. 2d DCA 1988). Mr. Gibson's statement, which was given to Detective Beining two weeks after the crime and after significant time to evaluate what had occurred and to discuss it with his friends, was inadmissible. The defense established that Mr. Gibson had a reason to falsify his testimony as early as the night of the incident, when the police questioned him as the person responsible for the party. See Preston v. State, 470 So.2d 836 (Fla. 2d DCA 1985).
The credibility of the witnesses was critical in this case. The defense argued that the teenagers involved did not know who committed the crime when it occurred, but thereafter had discussed and gossiped about the incident until coming to the conclusion that Mr. Szuba was the perpetrator. This theory was supported by, among other things, the discrepancies in the witnesses' testimony at trial. Under these circumstances, the admission of Detective Beining's hearsay testimony constitutes reversible error. See Jenkins v. State, 547 So.2d 1017 (Fla. 1st DCA 1989).
Reversed and remanded.
PARKER, A.C.J., and NORTHCUTT, J., Concur.
NOTES
[1] Mr. Szuba has raised other issues on appeal that we do not address because the hearsay issue is dispositive.