825 So.2d 1076 (2002)
Nicholas ACOSTA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2350.
District Court of Appeal of Florida, Fourth District.
September 18, 2002.
*1077 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sandra Braverman, Assistant Attorney General, Ft. Lauderdale, for appellee.
KLEIN, J.
Appellant was found guilty of aggravated assault with a deadly weapon as a result of an altercation with a customer at the auto repair shop which appellant managed. According to the customer, the argument over the repair charges culminated in appellant smashing the victim's windshield with a metal object, showering glass on the victim who was behind the wheel.
The police officer who arrived on the scene was uncertain, from what he had been told, whether it was the appellant or the victim who should be arrested, but a number of witnesses confirmed the victim's version of events.
At trial the state presented the testimony of only one independent eye witness, another customer, who testified that appellant had smashed the windshield when it appeared that the victim was attempting to drive his vehicle away without paying. Over appellant's objection, the officer testified that he had spoken with a number of other people at the scene who were not willing to give written statements and that they had confirmed the victim's version of what had happened. The officer was further allowed to testify that after speaking with about nine people, he had determined that a crime had been committed and informed appellant that he was charged with aggravated assault. In closing argument the prosecutor pointed out that the officer had spoken to at least nine other witnesses who all confirmed the victim's testimony.
This testimony was, as appellant's counsel made clear in his objection, classic hearsay testimony. § 90.801(c), Fla. Stat. (2001). In Szuba v. State, 749 So.2d 551 (Fla. 2d DCA 2000) the court reversed where precisely the same type of testimony was permitted, an investigating officer testifying that other witnesses to the crime, who did not testify at trial, confirmed the state's version of the facts.
It was not only clearly inadmissible, which the state now recognizes, but highly prejudicial. It was as if the state had presented nine independent eye witnesses to support the victim's version of this dispute, when in fact it only produced one independent eye witness. We cannot, accordingly, agree with the only argument advanced by the state, which is that the error was harmless. Reversed.
FARMER and SHAHOOD, JJ., concur.