863 So.2d 404 (2003)
Michael SAMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-156.
District Court of Appeal of Florida, Fourth District.
December 31, 2003.
Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
GUNTHER, J.
Michael Sampson timely appeals his convictions for possession of cocaine and cannabis with intent to distribute. We reverse and remand the trial court's denial of a portion of Sampson's motion for judgment of acquittal, but affirm in all other respects.
Officer Broughton, a Lauderhill police officer, observed Sampson riding a bicycle without the headlight on at about 1:10 a.m. Officer Broughton stopped Sampson and asked him about the headlight. Sampson told him he was on the way home from a friend's house and had not realized the light was out.
Officer Broughton took Sampson into custody and searched the bike Sampson was riding. Hanging from the back of the bike was a fanny pack. Inside the fanny pack was a cigarette box containing cocaine rocks weighing 7.4 grams, a case containing cocaine rocks weighing 5.5 grams, and twenty-nine clear plastic bags containing cannabis.
Sampson was charged with one count of unlawful possession "with intent to sell *405 manufacture or deliver, a controlled substance, to wit: Cocaine" and one count of unlawful possession "with intent to sell, manufacture or deliver for consideration, a controlled substance, to wit: Cannabis."
Sampson testified at trial that the bike he was riding on the night in question was borrowed from a friend. Sampson also testified that at no time did he look inside the fanny pack on the bike. Sampson filed a motion for judgment of acquittal, which was denied. Sampson was convicted on both counts and now argues that the trial court erred in denying his motion for judgment of acquittal.
The standard of review for a court's denial of a judgment of acquittal is de novo. Johnston v. State, 863 So.2d 271, 2003 WL 22349638 (Fla. Oct. 16, 2003) (citing Pagan v. State, 830 So.2d 792, 803 (Fla.2002)). Although Sampson moved for a judgment of acquittal on several grounds, we find that only one aspect of Sampson's motion for judgment of acquittal was improperly denied. Here, the State concedes that it failed to present sufficient evidence to prove intent to sell or deliver cocaine.
The record reveals that while 12.9 grams of cocaine were found in the fanny pack, the State failed to present evidence that the amount of cocaine found was inconsistent with personal use or that there was any other indication that Sampson intended to sell the cocaine. Thus, the denial of Sampson's judgment of acquittal on this ground was improper. See McCullough v. State, 541 So.2d 720, 721 (Fla. 4th DCA 1989) (stating that the quantity of cocaine found can prove intent to sell where this amount is inconsistent with personal use, but finding that reversal was warranted as no evidence was presented that the defendant intended to sell the cocaine or that the cocaine was inconsistent with personal use as the 6.15 grams of cocaine found was not sufficient in and of itself to prove intent to sell).
Although the prosecution failed to present sufficient evidence of Sampson's intent to sell cocaine, sufficient evidence was presented regarding the lesser included offense of possession. Thus, pursuant to section 924.34, Florida Statutes (2002), Sampson's conviction for possession of cocaine with intent to sell is reversed and the trial court is directed to enter judgment for possession of cocaine.
AFFIRMED in part, REVERSED and REMANDED in part.
FARMER, C.J., and SHAHOOD, J., concur.