917 So.2d 953 (2005)
Raymond ESSEX, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4701.
District Court of Appeal of Florida, Fourth District.
December 21, 2005.
*954 Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant *955 Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Raymond Essex, timely appeals his convictions, following a jury trial, for false imprisonment, strong arm robbery, and aggravated battery on a pregnant female. Essex raises two independent challenges on appeal. First, he contends that the trial court should have granted his motion for judgment of acquittal based on Faison v. State, 426 So.2d 963 (Fla.1983). As explained below, we disagree. Second, he contends that the trial court abused its discretion in admitting hearsay testimony by a police officer. For the reasons set forth below, we agree and reverse on appellant's second point.
Essex was charged by information with kidnapping, strong arm robbery, and aggravated battery of a pregnant female. The following evidence was adduced at trial:
On July 27, 2001 at approximately 2 p.m., Essex entered a make-up store with B.D., his fifteen-year old niece. Robyn Hollner worked at the store and was in the back stock room when Essex and B.D. entered. Hollner was making her way towards the front of the store when she observed Essex standing in the doorway between the entrance of the showroom and the front room. As Hollner approached Essex, she saw the teenage girl B.D. standing behind him. When Hollner was within arms' reach, Essex leaned forward and grabbed her head at the base of her hair with two hands. Hollner screamed. Essex told her not to scream. She tried to pull away but he pushed her down to the floor. He told her to stop resisting. Essex told B.D. to close the curtain to prevent anyone from seeing inside the store. Hollner told Essex not to hurt her because she was pregnant.
Hollner told Essex the money was located in the back of the store. Essex dragged her on her knees towards the back of the store. She showed him where the money was located. Essex, still holding on to her, motioned that she should open the box and hand him the money. Essex still had a very tight grip on her head and was pulling on her.
At that point, Hollner told B.D. to please help her and not to let Essex hurt her because she was pregnant. B.D. then pled with Essex not to hurt Hollner because she was pregnant. Essex told B.D. he was not going to hurt Hollner. He said he just needed to get her in the back.
Essex took her into the bathroom and made her kneel down by the toilet. He tied her wrists together with plastic strips and removed her wedding ring before leaving the store. He told her to stay in the bathroom and not to come out or else because he was going to look around the store. Hollner did not remember how long she waited in the bathroom but she eventually came out of the bathroom and ran out the back door of the store.
After the state rested, defense counsel moved for judgment of acquittal, arguing in relevant part that Essex was entitled to JOA on the kidnapping charge under Faison v. State. The motion was renewed. Both motions were denied.
The jury returned a verdict of guilty of the lesser included offense of false imprisonment for count 1, and guilty as charged for strong arm robbery (count 2), and aggravated battery on a pregnant female (count 3). Essex was sentenced to five years in prison for count 1, consecutive to fifteen years in prison for count 2, consecutive to fifteen years in prison for count 3.
*956 First, we hold that the trial court did not err in denying Essex's motion for judgment of acquittal on the kidnapping charge under Faison v. State. "The standard of review for a court's denial of a judgment of acquittal is de novo." Sampson v. State, 863 So.2d 404, 405 (Fla. 4th DCA 2003) (citation omitted). In addressing the question of sufficiency of the evidence when moving for a judgment of acquittal, Essex admits the facts adduced in evidence and every conclusion favorable to the state which is fairly and reasonably inferable therefrom. Spinkellink v. State, 313 So.2d 666, 670 (Fla.1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). "The trial court should not grant a motion for judgment of acquittal unless there is no view of the evidence which the jury might take favorable to the State that can be sustained under the law." Scott v. State, 693 So.2d 715 (Fla. 4th DCA 1997) (citation omitted).
In the present case, Essex argues that he was entitled to a judgment of acquittal on the kidnapping charge under Faison v. State, 426 So.2d 963 (Fla.1983). Under Faison, the court must determine whether a defendant's conduct amounts to a confinement crime separate from other criminal charges. The following three prongs comprise the Faison test:
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Id. at 965; see also Brown v. State, 719 So.2d 955 (Fla. 4th DCA 1998).
Because Faison is not applicable in this case where Essex was convicted of false imprisonment, not kidnapping, we affirm on this issue without conducting a Faison analysis. The Florida Supreme Court held that "[t]he Faison test is not applicable to false imprisonment convictions because the test was established for a particular element of the kidnapping statute that is not included in the false imprisonment statute." State v. Smith, 840 So.2d 987, 989-90 (Fla.2003) (emphasis added). In State v. Waits, 848 So.2d 1030 (Fla.2003), the Florida Supreme Court relied on Smith to quash the fifth district's reversal of the respondent's false imprisonment conviction, again articulating that the Faison test is not applicable to false imprisonment convictions. See also Sanders v. State, 905 So.2d 271 (Fla. 2d DCA 2005) (reversing defendant's conviction for kidnapping based on the Faison test and remanding for the trial court to enter judgment for the lesser offense of false imprisonment because the Faison test does not apply to false imprisonment). Accordingly, under the supreme court's holding in Smith, Faison is not applicable to Essex's conviction for false imprisonment. We therefore affirm on this issue.
As to Essex's second point, we hold that the trial court abused its discretion in admitting Detective Jenkins' hearsay testimony regarding the "mirroring" of Hollner's and B.D.'s testimony. A trial court's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion. Johnston v. State, 863 So.2d 271, 278 (Fla.2003). The trial court's discretion is limited by the rules of evidence. LaMarca v. State, 785 So.2d 1209, 1212 (Fla.2001).
During trial, Detective Jenkins testified that he interviewed B.D. regarding the incident. Jenkins said that during his *957 meeting with B.D. he did not tell her that he had taken a taped statement from Hollner, nor did he tell her any specific facts he had about the crime. The prosecutor asked Jenkins if he recalled anything from the conversation with B.D. that mirrored Hollner's version. The trial court initially sustained defense counsel's objection. However, in sidebar, the State argued that the testimony would not be coming in for the truth of the matter asserted, but rather was being elicited to show how the matching of Hollner's and B.D.'s statements furthered Jenkins' investigation and led to the arrest of Essex in this case. The trial court agreed with the prosecutor's argument and overruled the objection "for that purpose." Following the sidebar, the following testimony was elicited:
Prosecutor: Detective Jenkins, what did you notice about the two statements, one of Robyn Hollner and [B.D.]?
Jenkins: They mirrored each other.
* * *
Prosecutor: Tell the jury what specific things that mirrored each other.
Jenkins: The layout of the building. What Raymond Essex said when he entered. Where the victim came from. What Raymond did when he led the victim. Where he got the money and where it was taken from. How the victim was placed and where they exited the building.
Prosecutor: All consistent to what Robyn said happened.
Jenkins: Identical.
We hold that Detective Jenkins' opinion testimony as to the consistency of B.D.'s and Hollner's statements was inadmissible hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." See § 90.801(1)(c), Fla. Stat. In Szuba v. State, 749 So.2d 551, 552 (Fla. 2d DCA 2000), a police officer was permitted to testify, over defense objection, that, during his investigation, all of the witnesses to the crime gave him consistent descriptions of the defendant. Id. The second district held that admission of the officer's hearsay testimony constituted reversible error, explaining its conclusion as follows:
The rules of evidence would not have allowed Detective Beining to testify about the content of the statements each witness gave him describing the perpetrator. See § 90.604, .801(1)(c), .802, Fla. Stat. (1997). To avoid this evidentiary rule, the State sought to introduce the sum of that evidence by asking Detective Beining to make conclusions based upon his comparison of their hearsay statements. However, his opinion as to the consistency of the witnesses' descriptions was inadmissible pursuant to section 90.701(1), Florida Statutes (1997). The jury could draw their own conclusions by properly admitting the evidence upon which the conclusion was based. In addition, this opinion amounted to an improper bolstering of the State's witnesses. See Weatherford v. State, 561 So.2d 629 (Fla. 1st DCA 1990) (holding witnesses' testimony offered to vouch for credibility of another is inadmissible).
Id. at 553. Similarly, in the present case, the jurors could draw their own conclusions by properly admitting the evidence upon which the conclusion was based. Both Hollner and B.D. testified at trial and the jury could independently judge whether their statements were consistent. Additionally, as in Szuba, Jenkins' opinion regarding the consistency of B.D.'s and Hollner's statements amounted to an improper bolstering of the State's witnesses.
*958 The error was not harmless in this case. "If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful." State v. Lee, 531 So.2d 133, 136 (Fla.1988). The credibility of Hollner and B.D. as witnesses was critical, especially considering Essex's defense theory that without B.D.'s "manufactured" statement, Essex could not be connected with the crime. Also, the prosecutor continued to improperly bolster the State's witnesses with the impermissible hearsay testimony in closing, asking the jury, "You're here to say did Detective Jenkins really give all of that information to [B.D.]? Or did [B.D.] know all of this information because she was there?"
Based on the foregoing, we hold that the trial court abused its discretion in admitting the hearsay testimony by Detective Jenkins regarding the "mirroring" of B.D.'s and Hollner's statements. We therefore reverse Essex's convictions and sentences and remand this case for a new trial.
FARMER and TAYLOR, JJ., concur.