976 So.2d 1184 (2008)
Ricardo CLARKE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2708.
District Court of Appeal of Florida, Fifth District.
March 20, 2008.
*1185 Joseph A. Fisher, III, of Leventhal & Slaughter, P.A., Orlando, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant was convicted of aggravated assault with a firearm arising from a road-rage incident. The issues on appeal all concern the admission of testimony of the investigating officer that revealed the substance of eyewitness accounts from individuals who did not testify at trial. Although the State concedes that the testimony was inadmissible hearsay, it argues that the error was not preserved and was, nevertheless, harmless.[1] We disagree and remand for a new trial.
During a road-rage encounter, Appellant allegedly pointed a gun at the victim. When the police located Appellant, he acknowledged during an interview that there had been an altercation with the victim but denied that he had displayed a gun. Police also interviewed Appellant's female passengers, one of whom apparently corroborated the victim's version of the events.
During trial, the victim and investigating officer testified. Appellant's passengers did not. During the examination of the officer, however, the prosecutor asked whether the passengers' accounts had been "consistent" with that of the victim. Appellant's hearsay objection was initially sustained but upon persistent questioning by the prosecutor, the court eventually permitted the deputy to answer "yes or no," without elaborating on the answer by saying what the passengers told him. As to one of the passengers, the officer confirmed that her statement had been consistent with that of the victim.
As the State properly concedes, this testimony was inadmissible hearsay. See Cedillo v. State, 949 So.2d 339, 341 (Fla. 4th DCA 2007) ("`Where the implication from in-court testimony is that a non-testifying witness has made an out-of-court statement offered to prove the defendant's guilt, the testimony is not admissible.'" *1186 (quoting Schaffer v. State, 769 So.2d 496, 498 (Fla. 4th DCA 2000))); Florence v. State, 905 So.2d 989, 990 (Fla. 4th DCA 2005) ("[E]ven if the actual statement made by the non-testifying witness is not repeated, references to the statement are inadmissible if the `inescapable inference . . . is that a non-testifying witness has furnished the police with evidence of the defendant's guilt.'" (quoting Schaffer, 769 So.2d at 499)); Acosta v. State, 825 So.2d 1076, 1077 (Fla. 4th DCA 2002) (officer's testimony that non-testifying eyewitnesses he interviewed confirmed victim's version of events was inadmissible hearsay).
We also conclude that the error was preserved. The record reveals that, although the trial judge said that he was sustaining the hearsay objection, he actually overruled it by expressly permitting the limited inquiry. Therefore, a motion for mistrial was unnecessary to preserve the issue. See, e.g., Simpson v. State, 418 So.2d 984, 986 (Fla.1982) (when objection clearly overruled, counsel not required to move for mistrial to preserve issue for appellate review).
We likewise reject the State's contention that reversal is not warranted because the error was harmless beyond a reasonable doubt. Appellant's defense was that, although he had a gun in his car, he did not point it at the victim. The victim's testimony was the only direct evidence contradicting his version of events. The hearsay statement of Appellant's passenger clearly supported the victim's version. Under these circumstances, we cannot conclude that the State met its burden to establish harmless error.
REVERSED and REMANDED.
ORFINGER and LAWSON, JJ., concur.
NOTES
[1] We agree with the State that the Confrontation clause issue was not preserved. Williams v. State, 967 So.2d 735, 747 n. 11 (Fla.2007).