PER CURIAM.
 

 Appellant challenges his convictions on three counts of lewd or lascivious molestation. , We address only those points on appeal that necessitate discussion.
 

 Although requested, the trial court erroneously denied Appellant’s request for an instruction on the lesser included offense of simple battery.
 
 Biles v. State,
 
 700 So.2d 166, 167 (Fla. 4th DCA 1997). The State concedes error on this point. Appellant is entitled to a new trial.
 

 Further, Appellant is correct that Detective Liotta’s testimony amounted to improper bolstering. Therefore it should not be permitted on retrial.
 
 See Essex v. State,
 
 917 So.2d 953 (Fla. 4th DCA 2005).
 

 Finally, we agree with Appellant that the State engaged in improper final argu
 
 *1284
 
 ment, although some of these issues were not preserved by contemporaneous objection. We specifically reject the State’s contention that the Golden Rule argument was fair rebuttal to the defense closing. On retrial, the State is admonished to refrain from argument that interjects the personal opinions of counsel, violates the Golden Rule or is otherwise improper.
 

 We have carefully considered Appellant’s other points on appeal and find them to be without merit.
 

 REVERSED AND REMANDED.
 

 TORPY, EVANDER and COHEN, JJ., concur.