MAY, C.J.
The defendant appeals his conviction and sentence for robbery with a deadly weapon. He raises two issues on appeal. First, he argues the trial court abused its discretion in requiring him to show his tattoo during the trial at the request of the State because his identity was not at issue. Second, he argues the trial court erred in admitting his post-arrest statements. We find no error and affirm.
The robbery took place during a transaction to sell the victim’s AK-47 rifle. When the victim and his friend arrived at the designated location, they were approached by three men with guns. The victim indicated that the defendant watched as the other two men threatened him and his friend. The friend testified that the defendant ordered them to get down on the ground or he would kill them.
The victim’s friend identified the defendant as the person who arranged the sale and remembered that the defendant had a tattoo that partially depicted the number seven. The State requested the defendant to reveal his tattoo. The defense objected, arguing that because identity was not an issue, it was unnecessary to reveal the tattoo that could cause the jury to believe the defendant was part of a gang. The trial court overruled the objection.
“A trial court’s ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion.” Essex v. State, 917 So.2d 953, 956 (Fla. 4th DCA 2005).
This case is similar to Jones v. State, 748 So.2d 1012 (Fla.1999). There, the defendant made a similar argument against revealing a tattoo. Our supreme court explained, “[tjhere was no suggestion ever made to the jury by the State that the *1158 spider web tattoo was linked to racism, and it was only referred to before the jury as a distinctive characteristic assisting the witnesses in identifying the defendant.” Jones, 748 So.2d at 1028.
For the same reason, we find no error in the trial court’s ruling in this case. As in Jones, a witness remembered a distinctive tattoo on the defendant’s body. Although the tattoo could have indicated gang involvement, the State made no reference to this possibility.
Next, the defendant argues the trial court abused its discretion in admitting his videotaped statements concerning an ongoing dispute between groups of people, which led to the robbery of the gun. The State responds that because the defense failed to make a contemporaneous objection, the issue has not been preserved. Alternatively, the State argues the trial court properly admitted the statements because they were relevant to demonstrate motive for the crime.
We agree that the defense objection was not contemporaneous. Nevertheless, we find no error in the admission of the defendant’s statements. As the State argues, they were relevant to show motive for the robbery.

Affirmed.

DAMOORGIAN and CONNER, JJ., concur.