623 So.2d 832 (1993)
Timothy TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1821.
District Court of Appeal of Florida, Fourth District.
September 8, 1993.
*833 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Timothy Taylor, appeals from a conviction of murder in the first degree, attempted robbery and aggravated assault.
Twelve appellate points have been presented none of which demonstrate reversible error except appellant's Point II which suggests that the trial court committed reversible error in restricting appellant's cross-examination of the key state witness.
The state essentially presented a case which purported to show that appellant, Timothy Taylor, Kelvin Atkinson and Michael Garland engaged in a robbery on February 2, 1991 at about 9:30 p.m. in Pompano Beach in which one of the victims was killed. Atkinson testified for the state, admitted that he fired the fatal shot and named Garland and appellant as participants. He also testified that Garland and appellant had stolen a blue Cadillac which they used in the robbery. The state offered in evidence two exculpatory statements given by appellant after Miranda warnings. Appellant denied that he was present on the night in question. In his second statement he asserts an alibi that he was at the South Florida Fair with Mary and Virginia Coleman at the time of the crime and remained there until well after midnight. Other than Atkinson's testimony the only evidence tending to show appellant's involvement was given by a pawnbroker who testified that on March 1, 1991 appellant pawned a shotgun which was later identified as having fired the empty cartridge found in the car stolen by appellant and Garland.
It appears that two weeks after the February 2, 1991, Pompano murder/robbery another armed robbery/murder occurred in West Palm Beach involving Atkinson's cousin, Deandra Yorker, and Michael Garland. Appellant contends Atkinson's cousin, Deandra Yorker, was present at the Pompano robbery/murder rather than himself. He submits that Atkinson lied in this case when he placed appellant at the scene of the Pompano crime instead of his cousin as a quid pro quo for Yorker testifying that Atkinson was not present at the subsequent West Palm Beach crime scene. The court refused to allow appellant to impeach Atkinson's testimony with this attack on his motive to testify falsely.
It is, of course, clear that a defendant in a criminal case has a constitutional right to a full and fair cross-examination of his accuser. Especially is this true if a key state witness is the subject of the cross-examination. Cox v. State, 441 So.2d 1169 (Fla. 4th DCA 1983). We believe this well-established rule is applicable here. The only witness who clearly places appellant at the scene of this crime was Atkinson, the state's key witness. It is our view that appellant should have been allowed to explore this witness' motive to testify falsely about appellant's *834 participation. And because there is so little else to incriminate appellant, we believe State v. DiGuilio, 491 So.2d 1129 (Fla. 1986) precludes resort to the harmless error rule. Auchmuty v. State, 594 So.2d 859 (Fla. 4th DCA 1992).
Accordingly, we reverse the judgment and sentence and remand the cause to the trial court with direction to grant a new trial.
GUNTHER and FARMER, JJ., and DOWNEY, JAMES C., Senior Judge, concur.