THOMPSON, C.J.
The defendant, Philip Kline, was arrested for DUI and refused to take a blood alcohol test. He filed a motion in limine alleging that the testing machine did not fully comport with the administrative rules and therefore a refusal to take the test was inadmissible in his trial on a charge of driving while impaired. After a hearing, the trial judge ordered evidence of his refusal suppressed. The circuit court appellate panel affirmed, and the state petitioned for a writ of certiorari. We grant the state’s petition because the circuit court departed from the essential requirements of the law by misinterpreting the implied consent law. See Maurer v. State, 668 So.2d 1077, 1078 (Fla. 5th DCA 1996); Department of Highway Safety & Motor Vehicles v. Green, 702 So.2d 584, 585 (Fla. 2d DCA 1997).
When a defendant refuses to take a test designed to determine whether he is intox *717 icated, his refusal should not be suppressed. Instead, the implied consent law requires that it be admitted. See § 316.1932, Fla. Stat.[1] The defendant is thereafter free to argue that the jury should draw the inference not that he refused because he was guilty but that he refused because he did not trust the test. This was pointed out by the Florida Supreme Court in State v. Taylor, 648 So.2d 701, 704 (Fla.1995), which held that, when a DUI defendant knows that his refusal is not a “safe harbor” free of adverse consequences, his refusal is relevant to show consciousness of guilt. If he has an innocent explanation for not taking the test, he is free to offer that explanation in court.
Some of the confusion in the law seems to have arisen because the lower courts have misinterpreted cases where a defendant questioned the breath test’s validity after taking the test, with cases where a defendant questioned the test’s validity after refusing to take the test. See, e.g., Conahan v. Department of Highway Safety & Motor Vehicles, 619 So.2d 988, 989 (Fla. 5th DCA 1993) (whether test was not approved or did not comply with administrative rules and regulations are matters which — although relevant to the admissibility of a breath test — are irrelevant where the test has been refused); see also State v. Burns, 661 So.2d 842, 849 (Fla. 5th DCA 1995) (refusal to submit to the breath test is “clearly admissible” under § 316.1932, Fla. Stat.), dism’d, 676 So.2d 1366 (Fla.1996); Edwards v. State, 603 So.2d 89, 90 (Fla. 5th DCA 1992) (statute’s requirement that the refusal to take the test be received in evidence does not violate any constitutional privileges); State v. Sowers, 442 So.2d 239, 240 (Fla. 5th DCA 1983) (suspected drunk driver’s refusal to submit to a blood alcohol test can be used as evidence in a criminal case, and its admission does not violate defendant’s constitutional rights); State v. Hoch, 500 So.2d 597, 601 (Fla. 3d DCA 1986), rev. denied, 509 So.2d 1118 (Fla.1987) (there is no constitutional right to refuse to be tested, only an option under the implied consent statute to refuse).
While cases such as those above have already established the intent and meaning of the implied consent law, several of the lower courts have difficulty interpreting the law.
PETITION GRANTED, DECISION QUASHED and REMANDED.
W. SHARP, and GRIFFIN, JJ. concur.

. The statute provides:
The person shall be told that his or her failure to submit to any lawful test of his or her breath or urine, or both, will result in the suspension of the person’s privilege to operate a motor vehicle for a period of 1 year for a first refusal, or for a period of 18 months if the driving privilege of such person has been previously suspended as a result of a refusal to submit to such a test or tests. The refusal to submit to a chemical or physical breath test or to a urine test upon the request of a law enforcement officer as provided in this section is admissible into evidence in any criminal proceeding.
(e.s.)