MAY, J.
The defendant appeals his conviction for trafficking in methamphetamine. He raises several issues. We affirm on all, but write to address his argument that the trial court erred in permitting a deputy to testify concerning the defendant’s non-verbal response to a question posed by the deputy during the execution of the search warrant.
*1255 On December 31, 2002, the Sheriffs Office executed a search warrant at a mobile home. The defendant, who only speaks Spanish, was found in a common area of the mobile home. A deputy, fluent in Spanish, read the defendant Miranda[1] warnings in Spanish. He then asked the defendant in Spanish where the drugs were.[2] The defendant pointed to a bedroom where drugs had been found by another officer.
At trial, the defendant objected to the deputy’s testimony concerning the defendant’s nonverbal response to the deputy’s question on the basis of hearsay. The State responded the defendant’s nonverbal response constituted an admission under section 90.803(18)(a), Florida Statutes (2002). The defendant now argues the hearsay statement does not qualify under subsection (c) because he did not authorize the deputy to speak for him. The question to be answered is which subsection of 90.803(18) applies in this circumstance.
Section 90.803(18)(a) provides an exception to the hearsay rule when a statement is offered against a party and is “[t]he party’s own statement in either an individual or a representative capacity.” See § 90.803(18)(a), Fla. Stat. (2002). Subsection (c) provides an exception when a statement is offered against a party and is “[a] statement by a person specifically authorized by him to make a statement concerning the subject....” See § 90.803(18)(c), Fla. Stat. (2002). It applies when a third person is speaking on behalf of another. See, e.g., Alarcon v. State, 814 So.2d 1180 (Fla. 4th DCA 2002).
In this ease, it is the defendant’s own non-verbal response to the deputy’s question that is at issue. Thus, subsection (a) applies. The trial court properly overruled the defendant’s objection and admitted the deputy’s testimony.
AFFIRMED.
WARNER and SHAHOOD, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The parties disputed the precise words used by the deputy when questioning the defendant on the location of the drugs. The deputy testified he asked the defendant: where are "your” drugs. The defendant claimed the deputy asked: where are "the” drugs. Both sides were permitted to argue their interpretation of the question. We see no error in the process employed by the trial court concerning this issue.