941 So.2d 1280 (2006)
Roosevelt McCALL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3376.
District Court of Appeal of Florida, Fourth District.
November 22, 2006.
*1281 Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Roosevelt McCall, appeals his conviction and sentence for possession of a firearm by a convicted felon. McCall raises two issues on appeal: (1) whether the trial court erred in allowing evidence of collateral crimes, and (2) whether the trial court erred in instructing the jury that voluntary intoxication is not a defense. Because we agree with McCall that the trial *1282 court erred in allowing evidence of collateral crimes, we reverse and remand for a new trial. We do not reach the second issue.
After a night of drinking in a bar, McCall decided to sleep in an unlocked vehicle. Two Florida Highway Patrol troopers came upon McCall in the back seat of that vehicle, sleeping with a jacket covering his torso. As the troopers ordered McCall to show his hands, he complied and the jacket fell off his body to the floorboard. The troopers took McCall into custody when he exited the vehicle. Shortly thereafter, the troopers recovered a firearm on the floorboard underneath the jacket.
McCall was charged by information with one count of possession of a firearm by a convicted felon and one count of carrying a concealed firearm.[1] Before trial commenced, McCall made two motions in limine to preclude the state from proffering testimony relating to crimes not alleged in the information; i.e., that McCall was arrested in a stolen vehicle, and that the serial numbers on the firearm were obliterated. The trial court granted these motions in limine.
At trial, Craan Pierre Louis (Louis), the owner of the vehicle in which McCall was found, testified that when he opened his house door to go to work on the morning in question, he called out to his wife and said "[y]ou know what, somebody take my car." McCall objected and moved for a mistrial, arguing that Louis brought up the fact that the car was stolen. The trial court overruled the objection. Later in Louis's testimony, the state asked him how many days his vehicle had been missing. McCall objected and again moved for a mistrial. The trial court overruled the objection and denied the motion for a mistrial. McCall objected and moved for a mistrial for the third time when Louis referred to the vehicle as "stolen" on cross-examination. Again, the trial court overruled the objection and denied the motion.
Next, the state called a firearms examiner with the Broward Sheriff's Office crime laboratory to testify as a firearms expert. The expert testified that the serial number on the gun was "obliterated." McCall objected and moved for a mistrial based on the court's ruling on his motion in limine. The state admitted that it forgot to tell the expert not to mention the serial number. The trial court deferred ruling on the motion for mistrial.
McCall renewed his motions for mistrial after the state rested, and again at the close of all the evidence. After noting that it was not an easy decision, the trial court upheld its prior ruling denying the motion for mistrial because of testimony that the car was stolen. The trial court noted specifically: "Looking into that totality of circumstances, the Court finds that the probative value outweighs its prejudicial effect, and that's why the motion for mistrial is denied." The trial court similarly denied the motion for mistrial based on the expert's testimony about the serial number being obliterated.
The jury found McCall guilty of one count of possession of a firearm by a convicted felon and not guilty of carrying a concealed firearm. McCall filed a motion for new trial, alleging that the trial court erred in admitting evidence of other, uncharged crimes, despite granting two motions in limine to prevent its admission. The trial court denied the motion and sentenced McCall to thirty years in prison as a habitual felony offender.
*1283 McCall argues that the trial court erred in allowing the testimony that the vehicle was missing or stolen, and that the firearm had obliterated serial numbers, despite granting motions in limine to exclude this testimony. He claims that the testimony was impermissible evidence of collateral crimes or bad acts, as it was irrelevant and highly prejudicial.
"A trial court's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion." Essex v. State, 917 So.2d 953, 956 (Fla. 4th DCA 2005) (citing Johnston v. State, 863 So.2d 271, 278 (Fla. 2003)). However, this discretion is limited by the rules of evidence. Essex, 917 So.2d at 956 (citing LaMarca v. State, 785 So. 2d 1209, 1212 (Fla. 2001)).
"The erroneous admission of collateral crimes evidence is presumptively harmful." Ross v. State, 913 So.2d 1184, 1188 (Fla. 4th DCA 2005) (citing Miller v. State, 804 So.2d 609, 612 (Fla. 3d DCA 2002) (quoting Czubak v. State, 570 So.2d 925, 928 (Fla. 1990))). "Evidence that suggests a defendant has committed other crimes or bad acts can have a powerful effect on the results at trial." Bozeman v. State, 698 So.2d 629, 631 (Fla. 4th DCA 1997) (citing Czubak). Evidence of collateral crimes or bad acts is admissible only when relevant to prove a material fact at issue. § 90.404(2)(a), Fla. Stat. (2005). Moreover, even relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. § 90.403, Fla. Stat. (2005).
In the instant case, the facts that McCall was arrested in a stolen vehicle and that the firearm had obliterated serial numbers had no relevance to the charges of possession of a firearm by a convicted felon or carrying a concealed firearm. Further, the probative value of this evidence was substantially outweighed by the danger of unfair prejudice to McCall. The record reveals three separate instances of references to the car being either stolen or missing,[2] and one instance of a reference to an obliterated serial number on the firearm. This evidence may have led the jury to believe that McCall was guilty of several crimes for which he was never charged.
As to the testimony concerning the missing/stolen vehicle, the state argues in response that the evidence was relevant and admissible in that it was inextricably intertwined with the charged offenses. See Shively v. State, 752 So. 2d 84, 85 (Fla. 5th DCA 2000) (citations omitted) (advising that "[e]vidence necessary to describe the manner in which a criminal offense took place or how it came to light is generally admissible as relevant evidence even though it might otherwise be objectionable as prior bad act evidence because it is `inextricably intertwined' with the underlying crime"). Evidence is inextricably intertwined with the underlying crime if the state is unreasonably hampered, without the evidence, in explaining how the charged crime came to light. Id. Here, the evidence that the car was stolen, or even missing, is not inextricably intertwined with the underlying crime. Absent this evidence, the state would not be unreasonably hampered in explaining how the charged crime came to light. All the jury needed to hear was that the vehicle in *1284 which McCall was found was not his, and that it belonged to Louis, who did not know McCall and did not own the jacket or the gun. Thus, it was not necessary or appropriate that the jury hear that the vehicle was missing or stolen from Louis, in order to explain how McCall ended up in the vehicle.
As to the testimony concerning the obliterated serial number, the state claims that it was not prejudicial error because it was isolated. See Levi v. State, 867 So.2d 647, 648-49 (Fla. 5th DCA 2004) (finding that admission of detective's testimony referencing discussion with defendant of "other cases pending" was not prejudicial error; statement was isolated, inadvertent, and not focused upon, state did not intentionally elicit information from detective, and error would have required no more than a curative instruction, which defendant did not request). Although the state's argument is compelling on this point because the statement was isolated, nonetheless, the statement was irrelevant and its prejudicial effect outweighed its probative value, particularly in light of the admission of the evidence that the vehicle was stolen. Cumulatively, this evidence paints a picture of McCall as a thief, which is not a crime he was charged with in the instant case.
Additionally, when we consider the cumulative effect of this improperly admitted evidence, we cannot conclude that it was harmless beyond a reasonable doubt, or that it did not impact the jury's verdict. See State v. DiGuilio, 491 So. 2d 1129, 1139 (Fla. 1986).
Reversed and Remanded for a New Trial.
STONE and SHAHOOD, JJ., concur.
NOTES
[1] The parties stipulated that McCall was a convicted felon.
[2] Although one of these references was elicited by McCall on cross-examination, McCall did not invite the error. See Czubak, 570 So.2d at 928. The owner volunteered that the car was stolen, McCall's counsel did not ask why the owner's car was missing, and McCall's counsel likely could not have anticipated the owner's answer, particularly in light of the State's admonition to its witnesses not to mention that the car was stolen. Id. Further, there is no evidence that McCall opened the door to evidence of collateral crimes by misleading the jury. See Bozeman, 698 So. 2d at 631.