GROSS, J.
Daniel Gould appeals his convictions for attempted second degree murder of a law enforcement officer and resisting arrest with violence while armed. We affirm and write to address the propriety of the lower court’s admission of collateral crime evidence as Williams Rule evidence.[1]
Police officers responded to a retirement community in reference to a trespassing call. While officers attempted to place Gould under arrest, he pulled a handgun from his waistband. Several officers tackled Gould to the ground before he could get off a shot. While on the ground, Gould fought the officers, screaming, “I am going to fucking kill you.” Gould also yelled, “I want to fucking die, shoot me, shoot me, shoot me.” He continued to struggle for three to four minutes. During that time, he kept pulling the gun’s trigger and screaming “I’ll kill you! I’ll kill you! I’ll kill you!” Gould fired one shot; after that shot, the gun’s slide became inoperable, so despite continuous trigger pulls, the gun would not fire.
At trial, the defense theory was that in handling the gun, Gould intended to kill himself, not to harm the officers at the scene. To disprove this theory, the state introduced evidence involving an arrest that occurred two-and-one-half weeks before the charged incident. At that time, Gould attempted to pull a 12-inch hunting knife on the same arresting officer. The trial court ruled the evidence to be admissible because it was relevant to show intent and premeditation.
We agree with the trial judge that the evidence of appellant’s prior violent *467 behavior directed at the arresting officer was admissible as Williams Rule evidence because it was relevant to prove Gould’s “intent” to commit the crime of attempted second degree murder of a law enforcement officer, a material issue in the case. See § 90.404(2)(a), Fla. Stat. (2005).
The trial court has broad discretion in determining whether evidence of other crimes is relevant, and such a determination will not be disturbed absent an abuse of discretion. See White v. State, 817 So.2d 799, 806 (Fla.2002). Evidence of other crimes is properly admissible when such evidence tends to disprove a defendant’s theory of defense or attempt to explain his intent. See Miller v. State, 667 So.2d 325, 328 (Fla. 1st DCA 1995).
We find no abuse of discretion in the court’s admission of other crimes evidence. See § 90.404(2)(a). The evidence of the earlier incident was relevant to establish that when Gould drew and fired his gun he was intending not to commit suicide, but to Mil a law enforcement officer. See Simmons v. State, 790 So.2d 1177, 1180 (Fla. 3d DCA 2001). The evidence thus served to prove Gould committed the crime charged, not “solely to prove bad character or propensity.” See Cartwright v. State, 885 So.2d 1010, 1013 (Fla. 4th DCA 2004).
We find no error in the other points raised.

Affirmed.

GUNTHER, J., concurs.
FARMER, J., concurs specially with opinion.

. See Williams v. State, 110 So.2d 654 (Fla.1959).