959 So.2d 782 (2007)
Jaime MACIAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-808.
District Court of Appeal of Florida, Fourth District.
June 20, 2007.
Rehearing Denied August 6, 2007.
*783 Bruce S. Rogow and Cynthia E. Gunther of Bruce S. Rogow, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, Diane F. Medley and David M. Schultz, Assistant Attorneys General, West Palm Beach, for appellee.
POLEN, J.
Appellant Jaime Macias timely appeals a conviction of sexual battery by a person of control or authority and declaration as a sexual predator. We affirm.
The victim in this case, A.B., entered the Broward County Adult Drug Court Program after being arrested for possession of cocaine. A few months later, she failed a drug urinalysis. Knowing this could lead to time in jail, she asked to speak with the program supervisor, i.e., Macias. Macias told her that he would speak with Yvonne Sherman, A.B.'s Drug Court Program counselor, but that in the meantime she should wait downstairs until he called her on her cellular phone.
The victim testified that she received a call from Macias a few minutes later wherein Macias told her that she had gotten away with a lot in the program and asked her if she was "good with my mouth." According to the victim, Macias came downstairs and repeated the question, and she "just looked at him and shook my head yes. And he asked me if I would meet him in the Winn Dixie parking lot, and pointed to his van and showed me what kind of van he had, because he would meet me there in 10 or 15 minutes." A.B. apparently agreed and met Macias at the Winn-Dixie and entered his van, where he allegedly told her that "if he wanted to do what I needed him to do, then I needed to do what he needed me to do." She then performed fellatio upon Macias. She did not report the incident because Macias allegedly told her not to tell anybody. A few days later, a representative from the program recommended to the Drug Court that A.B. receive the "drug patch" and not serve time in the custody of the State. The court followed this recommendation.
The victim's drug abuse nevertheless continued and, a few months after being released from the Drug Court Program, she voluntarily entered a residential drug rehabilitation program  the Broward Addiction Recovery Center ("BARC"). Once there, she told a BARC counselor about the events that transpired between Macias and herself in his van. As a result of this disclosure, BARC reported the incident, a police investigation ensued and the State ultimately brought charges against Macias for sexual battery under section 794.011(4)(c), (g), Florida Statutes (2003).
At trial, the State, over defense counsel's objection, adduced the Williams rule testimony of A.A. This victim, like A.B., had been a participant in the Broward County Adult Drug Court Program. She testified concerning a meeting she had with Macias that occurred about two months after the incident between Macias and A.B. During the meeting, A.A. told Macias that she planned on going to college and he evidently responded that she would not be able to do that while she was in the Drug Court Program, but that he "could make a deal with her," he "could pull strings for me, seeing that he was the supervisor, to help me get out there . . . quicker, I think he said 10 months, and the minimum time that I was aware of was a year." He gave her "a speech about opportunities, choices and consequences, because that was his catchphrase."
I heard him say it a lot during that meeting, opportunities, choices and consequences. And, basically, how he propositioned it to me was that he had an *784 opportunity for me and it was up to me to make the choice and I could take the consequences . . . the good or bad, they didn't necessarily have to be bad consequences. . . . And he was saying are you willing to do anything. And he was telling me about how he had people do extra curricular, AA meetings. . . . So, finally, when we got to the end of the conversation, I was like, yes, I'm willing to do anything. And he was like, I have a very good deal for you, you can't tell anyone. . . . and he said that I had to take care of him. . . . He used those exact words. . . . I was really shocked, actually, and I was really hoping that he did not mean sexually, because that's how I took it. . . . And I said, well, yeah, I'm willing to do anything that is legal and moral. And he just said, well, we don't have a deal then.
In its Order on Williams Rule Evidence, the court found the following:
In the instant case, as well as the prior alleged incident, the victims were told that if they "took care of [Defendant]," he would "pull some strings" in order to get them out of the program faster. This Court finds that the other alleged instance of sexual misconduct is sufficiently similar to be admissible as "Williams Rule" evidence. As such, the evidence is relevant and is admissible at trial. Furthermore, its probative value outweighs any prejudice.
On appeal, Macias contends that the trial court abused its discretion in admitting A.A.'s testimony. "On the Williams Rule issue, the standard of review applicable to the consideration of whether evidence was properly admitted is abuse of discretion." Stav v. State, 860 So.2d 478, 480 (Fla. 4th DCA 2003) (citing Geldreich v. State, 763 So.2d 1114, 1116 (Fla. 4th DCA 1999)). The codification of the Williams rule provides:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
§ 90.404(2)(a), Fla. Stat. (2003); see also Williams v. State, 110 So.2d 654 (Fla. 1959). In Heuring v. State, 513 So.2d 122 (Fla.1987), superseded by statute on other grounds, § 90.404(2)(b), Fla. Stat. (2002), the Florida Supreme Court set forth the test for relevancy of similar fact evidence:
To minimize the risk of a wrongful conviction, the similar fact evidence must meet a strict standard of relevance. The charged and collateral offenses must be not only strikingly similar, but they must also share some unique characteristic or combination of characteristics which sets them apart from other offenses. . . . In addition to the above requirements, the evidence must be relevant to a material fact in issue such as identity, intent, motive, opportunity, plan, knowledge, or absence of mistake or accident.
Id. at 124 (citations omitted).[1] We find that the charged offense in this case, sexual *785 battery of A.B., and the collateral act, attempted sexual battery of A.A., meet this standard.
Macias gained access to A.A. and A.B. in the same manner, as both of them were undergoing mandatory drug counseling under the guidance of Sherman, who in turn was supervised by Macias; both had private meetings with Macias, one in October 2003, the other in December 2003, in Macias' office with no one else present; both were close in age at the time, A.A. eighteen years old, and A.B. twenty-two; the two victims resembled each other, as both had blond hair, blue eyes and were of relatively slim build; Macias had similar conversations with both where he told them that if they "took care of him" or did "what he needed [them] to do," he would help them in Drug Court; and, lastly, Macias told both women not to tell anyone about these conversations. The only fundamental difference between the two events was that A.A. rejected Macias' proposition while A.B. did not.
Macias also contends that a conversation alone cannot be a "crime, wrong or act" under section 90.404(2)(a), Florida Statutes (2003). He argues that other-act evidence of verbal statements requires an accompanying physical act to be admissible under the Williams rule. However, section 90.404(2)(a) embraces a more expansive interpretation of the terms "act" and "wrong." See, e.g., Britton v. State, 928 So.2d 386, 387-88 (Fla. 5th DCA 2006) (other-act threatening two men); Billie v. State, 863 So.2d 323, 329-30 (Fla. 3d DCA 2003) (other-act defendant's statement that he would kill himself and his children); United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir.1993) (other-act feigning terminal cancer). Therefore, we find that Macias' argument in this regard is likewise without merit.
Based on the foregoing, we find that the trial court did not abuse its discretion in overruling Macias' objection to the State's Williams rule evidence. We thus affirm Macias' conviction of sexual battery by a person of control or authority and his declaration as a sexual predator.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] Citing Calloway v. State, 520 So.2d 665 (Fla. 1st DCA 1988), the State maintains that the similar fact evidence in this case need not meet the rigid similarity requirement set forth in Heuring, 513 So.2d at 124. Calloway stated that "the rigidity with which the similarity requirement is applied in cases wherein the collateral crimes are introduced to prove a fact such as the identity of the perpetrator is not necessary in other situations such as . . . where the evidence is relevant to corroborate the victim's testimony." Id. at 668. However, in Calloway, appellant was convicted of sexual battery of his stepdaughter, whereas the Florida Supreme Court recently said that it "[has] not extended the relaxed standard of admissibility to nonfamilial cases," such as one at hand. McLean v. State, 934 So.2d 1248, 1258 (Fla.2006).