FARMER, J.
 

 Defendant was on trial for aggravated battery in the beating of his stepdaughter and pregnant wife. The State sought to present evidence that during the 18 months preceding the beatings, defendant had beaten his wife on 3 different occasions — the most recent barely a few months before the alleged crimes. The judge allowed this
 
 Williams
 
 rule
 
 [1]
 
 evidence over the objection of defendant. We reverse.
 

 These are the events. One morning the daughter heard defendant say something to the effect that he was unhappy with the mother and stepdaughter. Hearing footsteps behind her, the daughter turned around and defendant punched her in the face. As she lay on the ground, defendant hit her in the face with a ceramic object. She passed out briefly and awoke to hear her mother screaming while trying to pick her up. Whereupon defendant began punching her mother, who tried to run from him. Defendant caught her and hit her again. Mother fell to the ground, and defendant grabbed her by her robe and dragged her into the living room. Mother tried to run out the front door, but defendant fell upon her again, while the daughter tried to pull him from her. Defendant continued hitting her, and then turned toward daughter who, by then, was attempting to call police. A neighbor saw the events at the front door and summoned help. Defendant drove away before police arrived.
 

 This is the
 
 Williams
 
 rule evidence. In the oldest incident, defendant had pushed his wife into a wall. In the second he had pushed her into the sink. And in the most recent to the crimes on trial, he had pulled a door from its hinges and hit her in the back of her head. Nothing in the similar crimes evidence pointed to a signature crime or some unique feature of the aggravated battery charges on trial.
 

 The State’s theory of relevance as to the
 
 Williams
 
 rule evidence is that it proved motive, intent, or absence of mistake or accident, or rebutted a possible claim of self-defense. In allowing this evidence the trial court held that it was relevant to the issues of intent, motive, absence of mistake and to rebut self-defense.
 

 In the circumstances of this case, these earlier incidents of violence do nothing more than demonstrate his propensity for violence with his family members. Neither party did anything to make motive or intent significant to any contested fact. No one suggested any factual issue as to a specific reason for battering the two women. Nor did he claim that his actions were by mistake. Motive, intent and mistake were simply not made pertinent issues in the trial.
 

 This leaves self-defense as the basis for admitting
 
 Williams
 
 rule evidence. Defendant did not make self-defense an issue with regard to his wife. His defense was instead that he never hit her. Yet the
 
 Williams
 
 rule evidence was admitted as part of the State’s case in chief, not as a response to evidence presented by defen
 
 *1171
 
 dant seeking to make a case for self-defense.
 

 It is well accepted that evidence of past crimes is not admissible when its only function is to show a propensity for the criminal conduct on trial.
 
 McLean v. State,
 
 934 So.2d 1248, 1255 (Fla.2006). It is also settled that
 
 Williams
 
 rule evidence must meet a high standard of relevance, be strikingly similar to the crime charged and share some unique characteristics distinguishing the past crime and the crime on trial from other offenses.
 
 Macias v. State,
 
 959 So.2d 782, 785 (Fla. 4th DCA 2007). Even then the proponent of the evidence must demonstrate that its probative value is greater than the unfair prejudice associated with such evidence.
 
 McLean,
 
 934 So.2d at 1256. The evidence in this case satisfies none of these requirements.
 

 Erroneous admission of collateral crimes evidence is presumptively harmful.
 
 Robertson v. State,
 
 829 So.2d 901, 913-14 (Fla.2002);
 
 Gore v. State,
 
 719 So.2d 1197, 1199 (Fla.1998);
 
 Czubak v. State,
 
 570 So.2d 925, 928 (Fla.1990);
 
 Castro v. State,
 
 547 So.2d 111, 116 (Fla.1989);
 
 Straight v. State,
 
 397 So.2d 903, 908 (Fla.),
 
 cert. de
 
 nied; 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981). The error may be found harmless only “if it can be said beyond a reasonable doubt that the verdict could not have been affected by the error.”
 
 Ciccarelli v. State,
 
 531 So.2d 129, 132 (Fla. 1988). We are unable to say beyond a reasonable doubt that the admission was harmless.
 

 Reversed.
 

 POLEN and HAZOURI, JJ., concur.
 

 [1]
 

 .
 
 See
 
 § 90.404(2)(a), Fla. Stat.
 
 (2008)
 
 (similar fact evidence of other crimes or acts is admissible when relevant to a material fact in issue, e.g. motive, intent, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident; but it is inadmissible when the evidence proves only bad character or propensity);
 
 see also Williams v. State,
 
 110 So.2d 654 (Fla. 1959).