DAMOORGIAN, J.
The State timely appeals a non-final order granting William Holland’s motion to suppress a videotape arising from a DUI investigation. We reverse.
By way of background, Holland was stopped by a deputy from the Broward Sheriffs Office (“BSO”) on suspicion of driving under the influence of drugs or alcohol. After the initial stop, BSO Deputy Grady was called to the scene to perform field sobriety exercises on Holland. He requested Holland undergo a breath test. The interaction between Grady and Holland was recorded by video camera. In particular, the videotape showed Holland’s refusal to submit to breath testing, the field sobriety exercises administered by Grady, and the conversations between Grady and Holland during the course of the investigation.
Before Holland’s trial, the State announced that it did not intend to call Grady as a witness, prompting Holland to move to suppress all of Grady’s involvement in the investigation. This included the entire contents of the videotape. Holland argued that the State’s decision not to call Grady would violate the Confrontation Clause under the Sixth Amendment to the United States Constitution,[1] citing to Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
An evidentiary hearing was held on the motion. The State called the deputy who conducted the initial traffic stop to authenticate the videotape. When asked if Grady was videotaping the field sobriety exercises, the deputy who conducted the initial stop responded, “Most likely, yes.” Pursuant to BSO’s normal protocol, a video camera would have been placed in Grady’s car facing out. The camera would be used to record the field sobriety exercises Grady conducted. The witness also testified that in the normal course of business, the videotape would have been kept in a safe place at BSO’s offices.
The State’s witness further testified that she observed Holland performing the field sobriety exercises on the night in question; however, her main focus was on completing her report. She could not hear what was being said between Grady and Holland. Although the witness had not seen the videotape, she would be able to identify Holland as the person on the videotape and would be able to recognize if there were any substantial deviations from the normal field sobriety exercises. Moreover, she testified that if allowed to view the videotape, she would be able to determine whether it had been altered based on her observations that night. Finally, she admitted that she did not have an independent recollection of which exercises were performed, but the probable cause affidavit could refresh her recollection.
At the conclusion of the hearing, the State argued that its decision not to call Grady would not run afoul of the Confrontation Clause under Crawford because the videotape was not hearsay. Alternatively, even assuming it was hearsay, the State argued that the videotape was nontestimo-nial and, therefore, its introduction would not violate the Confrontation Clause.
*1034 The trial court granted the motion to suppress, concluding that the videotape and any statements made to or by Grady were prepared for use in a criminal prosecution and testimonial. This appeal follows.
A trial court’s decision on a motion to suppress requires a mixed standard of review. “An appellate court is bound by the trial court’s findings of historical fact if those findings are supported by competent, substantial evidence.” Ferguson v. State, 58 So.3d 360, 363 (Fla. 4th DCA 2011) (citation omitted). However, a de novo standard applies “to the mixed questions of law and fact that ultimately determine constitutional issues.” Id. (citation omitted).
First, Holland’s refusal to submit to sobriety testing is admissible. This issue has been resolved by the Legislature’s enactment of the implied consent law under section 316.1932(l)(a)l.a., Florida Statutes (2010). Section 316.1932(l)(a)l.a. provides in pertinent part that “[t]he refusal to submit to a chemical or physical breath test upon the request of a law enforcement officer as provided in this section is admissible into evidence in any criminal proceeding.” § 316.1932(l)(a)l.a., Fla. Stat. (2010); see also State v. Kline, 764 So.2d 716, 717 (Fla. 5th DCA 2000) (holding that implied consent law requires admission of a defendant’s refusal to submit to a breath or urine test). We look no further than the legislative directive to conclude that the segment of the videotape showing Holland’s refusal is admissible under section 316.1932(l)(a)l.a. Furthermore, Holland’s statements on the videotape constitute admissions of a party opponent. See § 90.803(18)(a), Fla. Stat. (2010) (providing an exception to the hearsay rule when a statement is offered against a party and is “[t]he party’s own statement in either an individual or a representative capacity.”). Therefore, under section 90.803(18)(a), the statements are admissible. See Dias v. State, 890 So.2d 1254, 1255 (Fla. 4th DCA 2005); cf. United States v. Valdes, 214 Fed.Appx. 948, 950 (11th Cir.2007) (“Statements made by [the defendant] in tape-recorded conversations [with an informant], when presented by the Government, were not hearsay because they were admissions of a party opponent.”).
Next, we address whether the introduction of the balance of the videotape would violate the Confrontation Clause under Crawford. In Crawford, the Supreme Court held that the admission of a hearsay statement made by a declarant who does not testify at trial violates the Sixth Amendment if (1) the statement is testimonial, (2) the declarant is unavailable, and (3) the defendant lacked a prior opportunity for cross-examination of the declarant. Crawford, 541 U.S. at 53-54, 124 S.Ct. 1354.
We hold that Grady’s statements on the videotape were non-hearsay verbal acts. A verbal act is defined as “an utterance of an operative fact that gives rise to legal consequences.” Banks v. State, 790 So.2d 1094, 1097 (Fla.2001). Verbal acts are not hearsay because they are admitted to show they were actually made and not to prove the truth of what was asserted therein. Id. at 1097-98.
Here, Grady’s directives on the videotape during the sobriety exercises, both verbal and non-verbal, are not hearsay because they were not offered for the truth of the matter asserted. Instead, they were offered to give meaning to Holland’s otherwise ambiguous acts. See Longval v. State, 914 So.2d 1098, 1102 (Fla. 4th DCA 2005) (noting that witness testimony describing the conversation on a surveillance video in evidence was admissible over hearsay objection because it de *1035 scribed and gave significance to the ambiguous conduct on the videotape); see also Stotler v. State, 884 So.2d 940, 944 (Fla. 4th DCA 2003) (holding that words that explain or give meaning to otherwise ambiguous acts are not hearsay). The State is correct that Holland’s reactions on the videotape would be meaningless without having the benefit of Grady’s statements prompting Holland’s reactions.
Having concluded that the statements on the videotape are not hearsay, the constitutional concerns raised in Crawford regarding testimonial statements are not implicated. See Crawford, 541 U.S. at 59 n. 9, 124 S.Ct. 1354 (explaining that the Confrontation Clause does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted, citing Tennessee v. Street, 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985)). Our decision is further supported by Kurecka v. State, 67 So.3d 1052, 1055 (Fla. 4th DCA 2010) where we determined that the results of a breath test are physical evidence, and are nontestimonial. Id. In doing so, we cited with approval the Fifth District’s decision in State v. Burns, 661 So.2d 842 (Fla. 5th DCA 1995). In Bums, the Fifth District held that a defendant’s refusal to submit to a breath test is admissible because administering a breath test and having a defendant perform a field sobriety task on videotape are “nothing more than the collection and preservation of physical evidence ... and do not constitute a crucial confrontation requiring the presence of defense counsel.” Id. at 848. Similarly, the Third District has determined that roadside tests of a driver’s physical coordination generate nontestimonial responses. State v. Whe-lan, 728 So.2d 807, 810 (Fla. 3d DCA 1999).
Finally, we turn to whether the videotape was properly authenticated through the testimony of the deputy who conducted the initial traffic stop. Because the trial court held that the videotape was inadmissible under Crawford, the court never determined whether the State properly authenticated the videotape under section 90.901, Florida Statutes (2010) (“Authentication or identification of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.”).
Accordingly, on remand, the State shall be required to properly authenticate the videotape as a condition precedent to its introduction.

Reversed.

WARNER and GERBER, JJ., concur.

. "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.” U.S. Const. amend. VI.